| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Aram Ordubegian (SBN 185142)<br>Andy S. Kong (SBN 243933)<br>ARENT FOX LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA  90013-1065<br>Telephone:    213.629.7400<br>Facsimile:    213.629.7401<br>Email:    aram.ordubegian@arentfox.com<br>            andy.kong@arentfox.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorneys for Chapter 7 Trustee,*<br>   Edward M. Wolkowitz | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>**SABOA ENTERTAINMENT, LP,**<br><br><br><br><br>                    Debtor(s). | CASE NO.: 2:15-bk-16749-SK<br>CHAPTER: 7<br><br>**NOTICE OF SALE OF ESTATE PROPERTY** |
|---|---|

| **Sale Hearing Date: February 10, 2016** | **Time: 9:00 a.m.** |
|---|---|

**Location:** Courtroom  1575, U.S. Bankruptcy Court, 255 East Temple Street, Los Angeles, CA 90012

**Type of Sale:** ☒ Public   ☐ Private        **Last date to file objections**: <u>January 27, 2016</u>

**Description of property to be sold**:
Property which consists of the Real Property and the Personal Property. The Personal Property consists of 1) all of the property listed in Exhibit "B" to the Sale Agreement including the rights to any insurance proceeds or rights to loss recovery, 2) any and all personal property used or owned in connection with the Real Property and determined to be property of either of the Estates as of the Petition Date but not identified in Exhibit "B" to the Sale Agreement, and 3) any and all leases of furniture and equipment, space leases, and contracts and agreements used and/or executed in connection with the construction, ownership, operation, occupancy and/or maintenance of the Real Property or the Personal Property, including any and all rights and remedies to pursue and recover such Personal Property held by either the LP Debtor or Entertainment LLC Debtor including but not limited to any and all licenses purchased by Saboa Entertainment, LP, Sabaoth Entertainment LLC and/or Sabaoth Management LLC, including but not limited to all PACE Ilok software licenses (Protocols, Waves, Soundtoys, Antares, Dolby, Isotope etc.), any other USB key licenses, including but not limited to Vienna Ensemble, Cubase, Native Instruments, or any other licenses associated with the Personal Property of the Estate, from the Trustee, free and clear of all liens, claims, interests and encumbrances.  The Trustee is not assuming and assigning any unexpired leases or executory contracts to Proposed Buyer under 11 U.S.C. § 365, and the Proposed Buyer shall not assume any liabilities for unexpired leases or executory contracts that may be party to the Estate.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Terms and conditions of sale**: Free and clear of liens pursuant to Bankruptcy Code §§ 363(b) and (f) and subject to overbids.

**Proposed sale price**: The total purchase price for the Property is $5,650,000 broken down as $5,350,000 for the Real Property and $300,000 for the Personal Property.

**Overbid procedure (*if any*)**: Attached hereto as Exhibit 1.

**If property is to be sold free and clear of liens or other interests, list date, time and location of hearing:**

Property is to be sold free and clear of liens or other interests. Qualified bidders may bid at the auction on:

| | |
|---|---|
| Date: | January 28, 2016 |
| Time: | 10:00 a.m. |
| Location: | 4403 W. Magnolia Blvd., Burbank, California 91505 |

A hearing to approve the proposed Sale of the Property shall follow the Auction to approve the Sale to the Proposed Buyer or the Successful Bidder on February 10, 2016 at 9:00 a.m. at the United States Bankruptcy Court, Central District of California, Los Angeles Division at Courtroom 1575, 255 East Temple Street, Los Angeles, CA 90012.

**Contact person for potential bidders (*include name, address, telephone, fax and/or email address*):**

Jeff Tanenbaum / Mike Walters, Auctioneers

Tiger Remarketing Services and Tranzon Asset Strategies

340 N. Westlake Blvd. Ste. 260

Westlake Village, CA 91362

Telephone: Jeff Tanenbaum: (818) 326-4909; Mike Walters: (949) 439-4750

Email: jtanenbaum@tigergroup.com; mwalters@tranzon.com

Date: December 29, 2015

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*
AFDOCS/11510705.1

Page 1

**F 6004-2.NOTICE.SALE**

# EXHIBIT 1

## BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the sale (the "Sale") of substantially all of the assets of Saboa Entertainment, LP (the "Debtor") in Case No. 2:15-bk-16749-SK under chapter 7 of the Bankruptcy Code, pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court"). Pursuant to the Bidding Procedures Order (defined below), the Bankruptcy Court has approved DiaDan Holdings Ltd. or its assignee(s) or designee(s) as the stalking horse bidder (the "Stalking Horse Bidder") for the Property as defined and set forth more fully in that certain Asset Purchase Agreement among Stalking Horse Bidder and the Trustee, dated as of December 29, 2015 (the "Sale Agreement"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Agreement.

On December 29, 2015, the Trustee filed a motion pursuant to 11 U.S.C. §§ 105(a), 363, 503, and 507 and Federal Bankruptcy Rules 2002, 6004, 6006, and 9014 for entry of an order approving and authorizing: (i) bidding procedures in connection with the sale of substantially all of the assets of the Estate; (ii) stalking horse bid protections; (iii) form and manner of notice of the sale hearing and (iv) related relief. On January [●], 2016 the Bankruptcy Court entered an order approving the Bidding Procedures set forth herein (the "Bidding Procedures Order"). The Bidding Procedures Order also set February 10, 2016 as the date the Bankruptcy Court will conduct the Sale Hearing (as defined below). At the Sale Hearing, the Trustee will seek entry of an order from the Bankruptcy Court authorizing and approving the Sale of the Property to the Stalking Horse Bidder or another Qualified Bidder (as defined below) that the Trustee determines to have made the highest or best offer for the Property.

### Asset Purchase Agreement

On December 29, 2015, the Trustee entered into the Sale Agreement pursuant to which the Stalking Horse Bidder proposes to acquire substantially all of the assets of the Estate as defined in the Sale Agreement. A copy of the Sale Agreement may be obtained from the Trustee or his brokers at Tranzon Asset Strategies, c/o Mike Walters, 9891 Irvine Center Dr., Ste. 200, Irvine, CA 92618, Email: mwalters@tranzon.com, Phone: (949) 727-9036.

Pursuant to the Sale Agreement, the Stalking Horse Bidder proposes to purchase the Property for cash or cash equivalent in the total amount of Five Million Seven Hundred Thousand Dollars ($5,650,000) (the "Purchase Price"). The Purchase Price shall be allocated as follows: $5,350,000 for the Real Property and $300,000 for the Personal Property.

In accordance with the Sale Agreement and as approved by the Bankruptcy Court in the Bidding Procedures Order, the Stalking Horse Bidder has been authorized to receive a break-up fee in the amount of One Hundred Forty Two Thousand Five Hundred Dollars ($142,500.00) (the "Bid Protections"), in order to provide an incentive and compensate the Stalking Horse Bidder for serving as the Stalking Horse Bidder and entering into the Sale Agreement with the knowledge and risk that arises from it participating in the Sale and subsequent bidding process, absent which the Stalking Horse Bidder would not have entered into the Sale Agreement. The Bid Protections shall be payable on the terms and conditions set forth in the Sale Agreement and

the Bidding Procedures Order. The transaction contemplated by the Sale Agreement is subject to competitive bidding as set forth herein, and approval by the Bankruptcy Court pursuant to Bankruptcy Code sections 363 and 365.

## Assets to be Sold

The Trustee is offering for sale all or substantially all of the assets and more specifically, the Property which consists of the Real Property and the Personal Property.[1] The Personal Property consists of 1) all of the property listed in Exhibit "B" to the Sale Agreement including the rights to any insurance proceeds or rights to loss recovery, 2) any and all personal property used or owned in connection with the Real Property and determined to be property of either of the Estates as of the Petition Date but not identified in Exhibit "B" to the Sale Agreement, and 3) any and all leases of furniture and equipment, space leases, and contracts and agreements used and/or executed in connection with the construction, ownership, operation, occupancy and/or maintenance of the Real Property or the Personal Property, including any and all rights and remedies to pursue and recover such Personal Property held by either the LP Debtor or Entertainment LLC Debtor including but not limited to any and all licenses purchased by Saboa Entertainment, LP, Sabaoth Entertainment LLC and/or Sabaoth Management LLC, including but not limited to all PACE Ilok software licenses (Protocols, Waves, Soundtoys, Antares, Dolby, Isotope etc.), any other USB key licenses, including but not limited to Vienna Ensemble, Cubase, Native Instruments, or any other licenses associated with the Personal Property of the Estate, from the Trustee, free and clear of all liens, claims, interests and encumbrances.

## Bid Deadline

All offers, solicitations, or proposals (each, a "Bid") must be submitted in writing so that they are actually **received** no later than **4:00 p.m.** (prevailing Pacific Time) on **January 26, 2016** (the "Bid Deadline"). To properly submit a Bid, a Qualified Bidder (as defined below) must deliver written copies of its Bid to the following (the "Notice Parties"): Tranzon Asset Strategies, c/o Mike Walters, 9891 Irvine Center Dr., Ste. 200, Irvine, CA 92618, Email: mwalters@tranzon.com, Phone: (949) 727-9036 with a copy to counsel for the LP Trustee, Aram Ordubegian or Andy S. Kong, Arent Fox, 555 West Fifth Street, 48th Floor, Los Angeles CA 90013, Email: aram.ordubegian@arentfox.com; andy.kong@arentfox.com, Phone: (213) 629-7410; Facsimile: (213) 629-7401 and a copy to counsel for the Entertainment LLC Trustee, Rosendo Gonzalez, Gonzalez & Associates, 530 S. Hewitt St., Ste. 148, Los Angeles, CA 90013, Email: rossgonzalez@gonzalezplc.com, Phone: (213) 452-0070; Facsimile: (213) 452-0080. The Trustee encourages Qualified Bidders to submit Bids. A Bid delivered after the Bid Deadline shall not constitute a Qualified Bid.

---

[1] Some of the Personal Property also constitutes property of the bankruptcy estate of the LP Debtor's limited partner Entertainment LLC Debtor which has filed its own chapter 7 bankruptcy case as Case No. 2:15-bk-16763-SK. The chapter 7 trustee of the Entertainment LLC Debtor's bankruptcy estate is also a party to the Sale Agreement and will separately file a motion concurrently herewith seeking approval of the sale of the Personal Property (to the extent the Personal Property is property of the Entertainment LLC Debtor's bankruptcy estate) to the Proposed Buyer or Successful Bidder on the same terms and conditions as the Sale Agreement including the Bidding Procedures.

## Participant Requirements

To participate in the process detailed by the Bidding Procedures and to otherwise be considered for any purpose hereunder, each Bid (other than the Stalking Horse Bidder) and each bidder submitting a Bid (a "Bidder") must be determined by the Trustee to have satisfactorily provided him with each of the following (unless such requirement is waived by the Trustee) on or before the Bid Deadline (the "Participant Requirements"):

(a)     Identification of Bidder. Identification of the Bidder and/or any of the Principals (defined below), corporate officers or other representatives that are authorized to appear for and act on behalf of the Bidder with respect to the contemplated transaction;

(b)     Corporate Authority. Written evidence of the Bidder's authority to enter into the contemplated transaction and submit a Bid as well as the Bidder's acknowledgement and acceptance of the terms set forth in the Bidding Procedures. In the event that the Bidder is an entity specially formed for the purpose of effectuating the contemplated transaction (an "Acquisition Entity"), then the Bidder must furnish written evidence reasonably acceptable to the Trustee of the approval of the contemplated transaction by the equity holder(s) or members of such Bidder (the "Principals"); and

(c)     Proof of Financial Ability to Perform. Written evidence that the Bidder has the necessary financial ability to participate in the bidding process at the Auction and to close the contemplated transaction within the timeframe set forth in the Sale Agreement and provide adequate assurance of future performance of all obligations to be assumed in such contemplated transaction, reasonably acceptable to the Estate. Such information may include, among other things, the following:

(i)     the Bidder's or, in the case of an Acquisition Entity, the Principals', current financial statements (audited if they exist);

(ii)     contact names and numbers for verification of financing sources;

(iii)     evidence of the Bidder's or Principals' internal resources and written evidence of a commitment for debt or equity funding that is needed to close the contemplated transaction within the timeframe set forth in the Sale Agreement; and

(iv)     any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Trustee demonstrating that such Bidder has the ability to participate in the bidding process at the Auction and to close the contemplated transaction; *provided, however,* that the Trustee shall determine, in his reasonable discretion, whether the written evidence of such financial wherewithal is reasonably acceptable, and shall not unreasonably withhold acceptance of a Bidder's financial qualifications.

## Designation as Qualified Bidder

A "Qualified Bidder" is a Bidder that satisfies the Participant Requirements and that the Trustee determines has submitted by the Bid Deadline a bona fide offer that would result in greater value than the value that the Estate would receive under the Sale Agreement and be able to consummate a sale if the Bidder can comply with the Qualified Bid requirements below and is selected as a Successful Bidder (defined below).

As soon as practicable after the Trustee receives the information required under paragraphs (a) through (d) above from a Bidder, the Trustee shall determine whether the Bidder is a Qualified Bidder and advise the Bidder of such determination. The Stalking Horse Bidder is deemed a Qualified Bidder for all purposes.

## Access to Due Diligence Materials

The Trustee reserves the right not to provide due diligence access to any Bidder that he concludes in his reasonable business judgment is not likely to become a Qualified Bidder. The Trustee will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access for such Qualified Bidders. The Trustee shall not be obligated to furnish any due diligence information after the Bid Deadline. Neither the Estate nor the Trustee are responsible for, and will bear no liability with respect to, any information obtained by Bidders in connection with the sale of the Property. If the Trustee furnishes any material information related to the Estate or the Property not theretofore given to the Stalking Horse Bidder, then the Trustee shall place such information in one of the data rooms. Notwithstanding anything herein to the contrary, the Trustee reserves the right to withhold information or restrict access to certain materials in any data room if providing such information or materials to a Qualified Bidder would, in the Trustee's business judgment, put the Estate at a competitive disadvantage.

## Due Diligence From Bidders

Each Bidder shall comply with all reasonable requests for information from the Trustee regarding such Bidder and its contemplated transaction. Failure by a Bidder to provide such information will be a basis for the Trustee to deem that Bidder not to be a Qualified Bidder and to prohibit that Bidder from participating in any Auction.

## Bidding Process

The Trustee shall: (a) determine whether a Bidder is a Qualified Bidder; (b) coordinate the efforts of Bidders in conducting their due diligence investigations, as permitted by the provisions herein; (c) receive offers from Qualified Bidders; and (d) negotiate any offers made to purchase the Property. Subject to the Bidding Procedures Order, the Trustee shall have the right to adopt such other rules for the Bidding Procedures (including rules that may depart from those set forth herein), that, in the Trustee's reasonable discretion, will better promote the goals of the Bidding Procedures.

## Bid Requirements

To participate in the Auction (as defined below), a Qualified Bidder must submit a Bid by the Bid Deadline that the Trustee determines satisfies each of the following conditions (each such Bid, a "Qualified Bid"):

(a)    <u>Written Submission of PSA and Commitment to Close</u>.  Each Bid must be in writing and include:  (i) a purchase and sale agreement signed by the Qualified Bidder; (ii) a blackline reflecting the Qualified Bidder's proposed changes to the Sale Agreement, and (iii) a written commitment demonstrating that the Qualified Bidder will be able to close the transaction proposed in its purchase and sale agreement on the terms and conditions set forth therein;

(b)    <u>Irrevocable</u>.  Each Bid must be irrevocable until five (5) business days after the Property has been sold pursuant to the closing of the sale approved by the Bankruptcy Court in a final, non-appealable order (the "<u>Termination Date</u>") unless such Bid is designated as the Back-Up Bid (defined below);

(c)    <u>Contingencies</u>.  No Bid may be conditioned on obtaining financing, regulatory contingencies (other than on the condition that any applicable waiting period under The Hart-Scott-Rodino Antitrust Improvements Act of 1976 (Public Law 94-435) be satisfied, which may occur subsequent to the Bid Deadline), any internal approval or on the outcome or review of due diligence;

(d)    <u>Financing Sources</u>.  Each Bid must contain written evidence of a firm commitment for financing or other evidence of the financial wherewithal of such Qualified Bidder that the Trustee reasonably believes provides the ability to consummate the sale, with appropriate contact information for such financing sources;

(e)    <u>No Fees Payable to Qualified Bidder</u>.  With the exception of the Bid submitted by the Stalking Horse Bidder, no Bid may request or entitle the Qualified Bidder to any break-up fee, expense reimbursement fee or similar type of payment.  Further, by submitting a Bid, a Qualified Bidder shall be deemed to waive its right to pursue a substantial contribution claim under Section 503 of the Bankruptcy Code or in any way related to the submission of its Bid or the Bidding Procedures;

(f)    <u>Overbid Deposit</u>.  Each Bid must be accompanied by a deposit (the "<u>Overbid Deposit</u>") in the form of a certified check or cash payable to the order of Trustee or wire transfer payment to an escrow account selected by the Trustee in the amount of not less than Five Hundred Seventy Five Thousand Dollars ($575,000.00) so that such Overbid Deposit is actually received by the Bid Deadline;

(g)    <u>Minimum Initial Overbid</u>.  Each Bid must offer to the Estate aggregate cash consideration of at least Five Million Nine Hundred Thousand Dollars

($5,900,000.00) in cash plus the RE Buyer's Premium and the PP Buyer's Premiumas (the "Minimum Initial Overbid"); and

(h)    Purchase of Assets. Each Bid must provide for the purchase of all or a substantial portion of the Property.

For purposes herein, the Sale Agreement shall constitute a Qualified Bid. A Qualified Bid shall be considered such Qualified Bidder's "Baseline Bid."

If any Bid is determined by the Trustee not to be a Qualified Bid, the Bidder shall be refunded its Overbid Deposit and all accumulated interest thereon if any, within three (3) business days after that determination.

Any Bid that is not deemed a Qualified Bid shall not be considered by the Trustee, and the Bidder submitting that Bid will not be permitted to participate in the Auction (as defined below).

## Credit Bidding

Qualified Bidders may make one or more credit bids of some or all of their allowed secured claims or administrative claims to the full extent permitted by Section 363(k) of the Bankruptcy Code.

## Auction

Only if a Qualified Bid (other than the Bid submitted by the Stalking Horse Bidder) is received by the Bid Deadline shall the Trustee conduct an auction (the "Auction"). The Auction shall commence on **January 28, 2016 at 10:00 a.m.** (prevailing Pacific Time), at 4403 West Magnolia Boulevard, Burbank, California 91505.

If no Qualified Bid other than the Qualified Bid submitted by the Stalking Horse Bidder is received by the Bid Deadline, then (i) the Auction will not be held, (ii) the Stalking Horse Bidder will be deemed the Successful Bidder, (iii) the Sale Agreement will be the Successful Bid, and (iv) at the Sale Hearing on **February 10, 2016 at 9:00 a.m.** (prevailing Pacific Time), the Trustee will seek Bankruptcy Court approval of and authority to consummate the proposed sale to the Stalking Horse Bidder as contemplated by the Sale Agreement.

The Auction shall be conducted according to the following procedures:

(a)    *Participation at the Auction*

Only a Qualified Bidder that has submitted a Qualified Bid is eligible to participate at the Auction. Only the authorized representatives and respective counsel and advisors of each of the Qualified Bidders and the Trustee shall be permitted to attend the Auction. During the Auction, bidding shall begin initially with the highest Qualified Bid, as determined by the Trustee (the "Opening Bid"), and subsequently continue in minimum increments of at least Ten Thousand Dollars ($10,000) (or such other amount that the Trustee determines appropriate to facilitate the Auction).

### (b)    The Trustee Shall Conduct the Auction

The Trustee and his professionals shall direct and preside over the Auction. The determination of which Qualified Bid constitutes the Opening Bid shall take into account any factors the Trustee reasonably deems relevant to the value of the Qualified Bid to the Estate, including, among other things, the following: (i) the amount and nature of the consideration; (ii) the ability of the Qualified Bidder to close the proposed transaction; (iii) the proposed closing date and the likelihood, extent and impact of any potential delays in closing; (iv) any purchase-price adjustments; (v) the impact of the contemplated transaction on any actual or potential litigation; (vi) the net economic effect of any changes from the Sale Agreement, if any, contemplated by the contemplated transaction documents (the "Contemplated Transaction Documents"); (vii) the net after-tax consideration to be received by the Estate; and (viii) such other considerations the Trustee deems relevant in his reasonable discretion (collectively, the "Bid Assessment Criteria"). All Bids made thereafter shall be Overbids (as defined below) and shall be made and received on an open basis, and all material terms of each Bid shall be fully disclosed to all other Qualified Bidders. Each Qualified Bidder participating in the Auction will be required to confirm that it has not engaged in any collusion regarding the Bidding Procedures, the Auction or the proposed transaction.

### (c)    Terms of Overbids

An "Overbid" is any Bid made at the Auction subsequent to the Trustee's announcement of the Opening Bid. To submit an Overbid for purposes of this Auction, a Qualified Bidder must comply with the following conditions:

### (i)    Minimum Overbid Increment

Any Overbid after the Opening Bid shall be made in increments of at least $10,000 (or such other amount the Trustee determines to be appropriate to facilitate the Auction).

### (ii)    Remaining Terms are the same as for Qualified Bids

Except as modified herein, an Overbid must comply with the conditions for a Qualified Bid set forth above, *provided, however,* that the Bid Deadline and the Initial Minimum Overbid Increment shall not apply. Any Overbid made by a Qualified Bidder must remain open and binding on the Qualified Bidder until and unless (A) the Trustee accepts a higher Qualified Bid as an Overbid and (B) such Overbid is not selected as the Back-up Bid (as defined below).

To the extent not previously provided (which shall be determined by the Trustee), a Qualified Bidder submitting an Overbid must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Trustee) demonstrating such Qualified Bidder's ability to participate at the Auction and to close the transaction proposed by such Overbid.

### (iii) Consideration of Overbids

The Trustee reserves the right, in his reasonable business judgment, to make one or more adjournments in the Auction to, among other things:  (A) facilitate discussions between the

AFDOCS/11948180.1

8

Trustee and individual Qualified Bidders; (B) allow individual Qualified Bidders to consider how they wish to proceed; (C) consider and determine the current highest and best Overbid at any given time during the Auction; and (D) give Qualified Bidders the opportunity to provide the Trustee with such additional evidence as the Trustee, in his reasonable business judgment, may require that the Qualified Bidder (other than Stalking Horse Bidder) has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed transaction at the prevailing Overbid amount

### (d)    *Additional Procedures*

The Trustee, in his reasonable discretion, may adopt rules for the Auction at or prior to the Auction that will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bidding Procedures, the Bidding Procedures Order or the Bankruptcy Code.

### (e)    *Closing the Auction*

Upon conclusion of the bidding, the Auction shall be closed, and the Trustee shall (i) immediately review the final Overbid of each Qualified Bidder on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the proposed sale, and (ii) identify the highest, best, and/or otherwise financially superior offer for the Property (the "Successful Bid" and the entity submitting such Successful Bid, the "Successful Bidder"), which highest, best and/or otherwise financially superior offer will provide the greatest amount of net value to the Estate, and the next highest or otherwise best offer after the Successful Bid (the "Back-up Bid"), and (iii) advise the Qualified Bidders and Notice Parties of such determination.  No additional bids may be considered following the closing of the Auction.  The Qualified Bidder that submits the highest and best Bid at the conclusion of the Auction will be the Successful Bidder, and such Bid, the Successful Bid.  The Trustee will then request that the Bankruptcy Court approve the Bid and the Sale to the Successful Bidder.

### (f)    *Consent to Jurisdiction as Condition to Bid.*

All Qualified Bidders at the Auction shall be deemed to have consented to the jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of the Bidder's Contemplated Transaction Documents, as applicable.

### (g)    *Terms of Break-Up Fee*

If the Trustee accepts a Qualified Bid other than the Qualified Bid of the Stalking Horse Bidder as the Successful Bidder, then the Trustee shall pay to the Stalking Horse Bidder as compensation for the Stalking Horse Bidder's efforts in connection with the negotiation and execution of the Sale Agreement and the transactions contemplated thereby an amount equal to the Breakup Fee due to the Stalking Horse Bidder pursuant to the terms of the Sale Agreement, as approved by the Bankruptcy Court under the Bidding Procedures Order.

### *Acceptance of Successful Bid*

The Trustee shall sell the Property to the Successful Bidder upon the approval of the Successful Bid by the Bankruptcy Court. The Trustee's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Trustee's acceptance of the Bid. The Trustee will be deemed to have accepted a Bid only when the Bid has been approved by the Bankruptcy Court.

### *"As Is, Where Is"*

The sale of the Property shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Trustee or his agents except to the extent set forth in the Sale Agreement or the purchase agreement of another Successful Bidder. The Stalking Horse Bidder and each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Property prior to making its offer, that it has relied solely on its own independent review, investigation, and/or inspection of any documents and/or the Property in making its Bid, and that it did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Property, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures and (a) as to the Stalking Horse Bidder, the terms of the sale of the Property set forth in the Sale Agreement, or (b) as to another Successful Bidder, the terms of the sale of the Property set forth in the applicable purchase agreement.

### *Free of Any and All Encumbrances*

Except as otherwise provided in the Sale Agreement, all of the Estate's right, title, and interest in and to the Property shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon and there against (collectively, the "Encumbrances") in accordance with 11 U.S.C. § 363, with such Encumbrances to attach to the net proceeds of the sale of the Property.

### *Sale Hearing*

A hearing to approve the sale of the Property to the Successful Bidder shall be conducted by the Bankruptcy Court on **February 10, 2016 at 9:00 a.m.** (prevailing Pacific Time), located at the United States Bankruptcy Court, Central District of California, Los Angeles Division in Courtroom 1575, 255 East Temple Street, Los Angeles, California 90012 (the "Sale Hearing"). Following the approval of the sale of the Property to the Successful Bidder at the Sale Hearing, if such Successful Bidder fails to consummate an approved sale within fourteen (14) days after entry of order by the Bankruptcy Court approving the sale of the Property that is not subject to a stay (except where the sole cause of any delay in closing is as a result of default by the Estate), the Trustee shall be authorized, but not required, to deem the Back-up Bid, as disclosed at the Sale Hearing, the Successful Bid and the Trustee shall be authorized, but not required, to consummate the sale with the Qualified Bidder submitting such Back-up Bid without further notice or orders of the Bankruptcy Court. The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing. If the

Stalking Horse Bidder is not the Successful Bidder at the Auction but is designated as the bidder that has submitted the Back-up Bid, then such Back-Up Bid must remain open until the earlier of the consummation of the transaction with the Successful Bidder and twenty-one (21) days after the conclusion of the Sale Hearing. If any other bidder submits the Back-Up Bid, such Back-Up Bid must remain open until the consummation of the Sale to the Successful Bidder.

### *Return of Overbid Deposit*

The Overbid Deposit of the Successful Bidder shall be applied to the purchase price of such transaction at closing. Overbid Deposit(s) of any designated Back-Up Bidder(s) shall be held by the Trustee until five (5) business days after closing of the transactions contemplated by the Successful Bid, and thereafter returned to the respective Back-Up Bidder(s). Overbid Deposits of all other Qualified Bidders shall be returned to the respective Qualified Bidders within two (2) business days of the Auction. If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Estate shall be entitled to retain the Overbid Deposit as its damages resulting from the breach or failure to perform by the Successful Bidder. Notwithstanding anything herein to the contrary, the terms under which the Stalking Horse Bidder provided an Overbid Deposit and the terms of its use, release and return to the Stalking Horse Bidder shall be governed by the Sale Agreement.

### *Modifications and Reservations*

The Trustee may (a) determine which Qualified Bid, if any, is the highest, best, and/or otherwise financially superior offer; and (b) reject at any time before entry of orders of the Bankruptcy Court approving a Qualified Bid, any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (iii) contrary to the best interests of the Estate and its creditors.

At or before the Sale Hearing, the Trustee may impose such other terms and conditions as the Trustee may determine to be in the best interests of the Estate and its creditors and other parties in interest thereof that are not inconsistent with the Bidding Procedures Order, the Bidding Procedures or the Bankruptcy Code.

The Bidding Procedures may be materially modified only upon the express written consent of the Trustee or by order of the Bankruptcy Court.

### *Reservation of Rights*

Subject to the Bidding Procedures Order, the Trustee reserves the right as he may determine to be in the best interests of the Estate to: (a) determine which Bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (d) reject any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures Order or the requirements of the Bankruptcy Code or any other orders entered by the Bankruptcy Court, or (iii) contrary to the best interests of the Estate; (e) impose additional terms and conditions with respect to any or all Bidders other than the Stalking Horse Bidder; (f)

AFDOCS/11948180.1

adjourn the Auction and/or Sale Hearing in open court without further notice; (g) with the consent of the Stalking Horse Bidder, remove a portion of the Property from the Auction; and (h) consider or accept Bids for less than all of the Property, so long as the Bids exceed the minimum overbid threshold.  Without limiting the foregoing, the Trustee may determine to distribute or not distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction other than with respect to the distribution of the Opening Bid as set forth above.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF SALE OF ESTATE PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **12/30/2015,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **12/30/2015,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/30/2015 | AMANDA KYERETWIE | /s/ Amanda Kyeretwie |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**

AFDOCS/12807863.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Lana Borsook on behalf of Interested Party Courtesy NEF
Lana-Borsook-Law@juno.com

Natalie B. Daghbandan on behalf of Creditor DiaDan Holdings Limited
natalie.daghbandan@bryancave.com, raul.morales@bryancave.com;theresa.macaulay@bryancave.com

Natalie B. Daghbandan on behalf of Plaintiff DiaDan Holdings Limited
natalie.daghbandan@bryancave.com, raul.morales@bryancave.com;theresa.macaulay@bryancave.com

Nina Z Javan on behalf of Interested Party Courtesy NEF
nina@marguliesfaithlaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com

Scott L Keehn on behalf of Other Professional Keehn Law Group, APC
scottk@keehnlaw.com, scottk@keehnlaw.com;joanb@keehnlaw.com;stephanieh@keehnlaw.com

Patric J Kelly on behalf of Interested Party Courtesy NEF
pjkelly@ahk-law.com

Andre A Khansari on behalf of Debtor Saboa Entertainment, LP
andre@khansarilaw.com

Andy Kong on behalf of Trustee Edward M Wolkowitz (TR)
Kong.Andy@ArentFox.com

Craig G Margulies on behalf of Interested Party Courtesy NEF
Craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;emillersk@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com

Kerry A. Moynihan on behalf of Creditor DiaDan Holdings Limited
kerry.moynihan@bryancave.com,
apameh.vaziri@bryancave.com;raul.morales@bryancave.com;brittany.reynolds@bryancave.com

Kerry A. Moynihan on behalf of Creditor Eileen Richardson
kerry.moynihan@bryancave.com,
apameh.vaziri@bryancave.com;raul.morales@bryancave.com;brittany.reynolds@bryancave.com

Kerry A. Moynihan on behalf of Plaintiff DiaDan Holdings Limited
kerry.moynihan@bryancave.com,
apameh.vaziri@bryancave.com;raul.morales@bryancave.com;brittany.reynolds@bryancave.com

Thomas R Mulally on behalf of Creditor Fidelity Mortgage Lenders, Inc.
tom@ssmlaw.com, tom@ssmlaw.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

R Grace Rodriguez on behalf of Other Professional R. Grace Rodriguez
ecf@lorgr.com, rgracelaw@ecf.inforuptcy.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/12807863.1

Gilbert B Weisman, II on behalf of Creditor American Express Bank FSB
notices@becket-lee.com

Sharon Z. Weiss on behalf of Creditor DiaDan Holdings Limited
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Creditor Eileen Richardson
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Arbor Television USA, Inc.
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Bear, Inc.
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Blue Cadillac Music, LLC
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Incroud, Inc
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Legends Studio Management, LLC
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Loudbox Entertainment
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Loughan Group, Inc.
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Penwick Media, LLC
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant RCA Records, Inc.
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Roccage Entertainment, Inc.
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Sabaoth Entertainment, LLC
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Sabaoth Management, LLC
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Saboa Entertainment, LP
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Sony/ATV Music Publishing Acquisition, Inc.
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant The Royalty Network, Inc.
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant WIAW Productions

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        **F 9013-3.1.PROOF.SERVICE**

AFDOCS/12807863.1

sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Brandon Friesen
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Dave Pensado
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant James A. Driscoll
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Lennie Nicholson
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Philip A. Driscoll
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Robert M. Loughan
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Defendant Robert S. Taylor
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Sharon Z. Weiss on behalf of Plaintiff DiaDan Holdings Limited
sharon.weiss@bryancave.com, raul.morales@bryancave.com

Edward M Wolkowitz (TR)
emwtrustee@lnbrb.com, ewolkowitz@ecf.epiqsystems.com

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**

<u>**JUDGE**</u>

Honorable Sandra R. Klein
United States Bankruptcy Court
255 E. Temple Street, Suite 1582/Courtroom 1575
Los Angeles, CA 90012

<u>**REQUEST FOR SPECIAL NOTICE**</u>

Grobstein Teeple Financial Advisory Services, LLP
6300 Canoga Ave., Ste. 1500W
Woodland Hills, CA 91367

<u>**FEDERAL AND STATE GOVERNMENT AND TAX AUTHORITIES**</u>

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**

AFDOCS/12807863.1

Employment Development Dept.
Bankruptcy Group MIC 92E P.O. Box 826880
Sacramento, CA 94280-0001

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Los Angeles County Tax Collector
500 West Temple Street
Los Angeles, CA 90012-2713

Los Angeles County Treasurer and Tax Collector
PO Box 54110,
Los Angeles, CA 90054-0110

**INTERESTED PARTY**

City of Burbank
164 W. Magnolia Blvd.
Burbank, CA 91502

**MAILING MATRIX**

| | |
|---|---|
| DiaDan Holdings Limited BRYAN CAVE LLP c/o Natalie B. Daghbandan3161 Michelson Drive, Ste. 1500 Irvine, CA 92612-4414 | American Express Bank FSB c/o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 |
| Grobstein Teeple Financial Advisory Services 6300 Canoga Ave., Ste. 1500W Woodland Hills, CA 91367-8015 | Keehn Law Group, APC 401 B Street Suite 1470 San Diego San Diego, Ca 92101-4270 |
| Asiatico & Associates PLLC 5850 Granite Parkway, #900 Plano, TX 75024-6754 | Saboa Entertainment, LP c/o Philip Driscoll 1011 Park Lane Greensboro, GA 30642-3560 |
| Bryan Cave LLP 120 Broadway, Suite 300 Santa Monica, CA 90401-2386 | Bryan Cave LLP One Atlantic Center 14th Floor Atlanta, GA 30309-3449 |
| DiaDan Holdings Limited 2104-1969 Upper Water Street Halifax, Nova Scotia Canada B3J 3R7 | DiaDan Holdings Ltd C/O Sharon Weiss Bryan Cave 120 Broadway Santa Monica, CA 90401-2382 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

AFDOCS/12807863.1

| | |
|---|---|
| Douglas Wilson Companies<br>FOR NOTICE PURPOSES ONLY]<br>1620 Fifth Avenue, Suite 400<br>San Diego, CA 92101-2738 | Eileen Richardson<br>2104-1969 Upper Water Street<br>Halifax, Nova Scotia<br>Canada B3J 3R7 |
| Employment Development Department<br>Bankruptcy Group MIC 92E, PO BOX 826880<br>Sacramento, CA 95814 | Fidelity Mortgage Lenders, Inc.<br>c/o: Spencer & Mulally (TRM)<br>14156 Magnolia Boulevard, Suite 200<br>Sherman Oaks, CA 91423-1182 |
| Glenn P. Hendrix, Esq.<br>FOR NOTICE PURPOSES ONLY]<br>Arnall. Golden, Gregory, LLP<br>171 17th St. NW, Suite 2100<br>Atlanta, GA 30363-1031 | James Driscoll<br>10061 Riverside Drive<br>Box 609<br>Toluca Lake, CA 91602-2560 |
| Jonathan Dane Richardson<br>2104-1969 Upper Water Street<br>Halifax, Nova Scotia<br>Canada B3J 3R7 | Lana Borsook, Esq.<br>10430 Wilshire Blvd., #1503<br>Los Angeles, CA 90024-4680 |
| Manatt, Phelps & Phillips<br>c/o Attn Richard Adam<br>11355 W. Olympic Boulevard<br>Los Angeles, CA 90064-1656 | Philip and Lynne Driscoll<br>1031 1st Street South<br>Unit 502<br>Jacksonville Beach, FL 32250-6554 |
| Robbins, Ross, Alloy, Belinfante<br>Littlefield, LLC<br>999 Peachtree Street, NE<br>Suite 1120<br>Atlanta, GA 30309-4471 | Sabaoth Entertainment, LLC<br>c/o Philip A. Driscoll<br>1011 Park Lane<br>Greensboro, GA 30642-3560 |
| Sabaoth Management, LLC<br>c/o Philip A. Driscoll<br>1011 Park Lane<br>Greensboro, GA 30642-3560 | Timothy J. Yoo, Trustee<br>Levene, Neale, Bender, Yoo & Brill LLP<br>10250 Constellation Blvd. Suite 1700<br>Los Angeles, CA 90067-6253 |
| United States Trustee (LA)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017-3560 | Andre A Khansari<br>Khansari Law Corporation, APC<br>11845 W Olympic Blvd Ste 1000<br>Los Angeles, CA 90064-5066 |
| Edward M Wolkowitz (TR)<br>Levene Neale Bender Yoo & Brill LLP<br>800 South Figueroa Street, Suite 1260<br>Los Angeles, CA 90017-2581 | Eileen Richardson<br>c/o Bryan Cave LLP<br>Sharon Z. Weiss<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401-2386 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/12807863.1

| (d)American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | (d)American Express Bank FSB<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 |
| --- | --- |

**AFFILIATE DEBTOR** *(Case No. 2:15-bk-16763)*

Sabaoth Entertainment, LLC
c/o Philip Driscoll
1011 Park Lane
Greensboro, GA 30642

**COUNSEL FOR TRUSTEE** *(Case No. 2:15-bk-16763)*
Rosendo Gonzalez
Gonzalez & Associates, P.L.C.
530 S. Hewitt St., #148
Los Angeles, CA 90013-1906

**BUYER'S COUNSEL** *(Case No. 2:15-bk-16763)*
Sharon Weiss
Bryan Cave
120 Broadway
Santa Monica, CA 90401-2382

**MAILING MATRIX** *(Case No: 2:15-bk-16763)*

| Timothy Yoo (TR)<br>Levene Neale Bender Yoo & Brill LLP<br>800 South Figueroa Street, Suite 1260<br>Los Angeles, CA 90017-2581 | Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 |
| --- | --- |
| Franchise Tax Board<br>Bankruptcy Section MS: A-340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Los Angeles City Clerk<br>P.O. Box 53200<br>Los Angeles, CA 90053-0200 |
| Los Angeles Division<br>255 East Temple Street,<br>Los Angeles, CA 90012-3332 | Bryan Cave LLP<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401-2386 |
| Bryan Cave LLP<br>One Atlantic Center<br>14th Floor<br>Atlanta, GA 30309-3449 | DiaDan Holdings Limited<br>2104-1969 Upper Water Street<br>Halifax, Nova Scotia<br>Canada B3J 3R7 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| DiaDan Holdings Ltd<br>C/O Sharon Weiss<br>Bryan Cave<br>120 Broadway<br>Santa Monica, CA 90401-2382 | Eileen Richardson<br>2104-1969 Upper Water Street<br>Halifax, Nova Scotia<br>Canada B3J 3R7 |
| Glenn P. Hendrix, Esq.<br>FOR NOTICE PURPOSES ONLY<br>Arnall. Golden, Gregory, LLP<br>171 17th St. NW, Suite 2100<br>Atlanta, GA 30363-1031 | Jonathan Dane Richardson<br>2104-1969 Upper Water Street<br>Halifax, Nova Scotia<br>Canada B3J 3R7 |
| Lana Borsook, Esq.<br>10430 Wilshire Blvd., #1503<br>Los Angeles, CA 90024-4680 | SANCTUS INTERNATIONAL LLC<br>1011 PARK LANE<br>GREENSBORO, GA 30642-3560 |
| Sabaoth Management, LLC<br>c/o Philip A. Driscoll<br>1011 Park Lane<br>Greensboro, GA 30642-3560 | Saboa Entertainment, LP<br>c/o Philip A. Driscoll<br>1011 Park Lane<br>Greensboro, GA 30642-3560 |
| United States Trustee (LA)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017-3560 | Andre A Khansari<br>Khansari Law Corporation, APC<br>11845 W Olympic Blvd Ste 1000<br>Los Angeles, CA 90064-5066 |

**REQUEST FOR SPECIAL NOTICE** *(Case No. 2:15-bk-16763)*

Gonzalez & Associates, P.L.C.
530 S. Hewitt St., #148
Los Angeles, CA 90013

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/12807863.1