**BRYAN CAVE LLP**
SHARON Z. WEISS (State Bar No. 169446)
120 Broadway, Suite 300
Santa Monica, CA  90401-2386
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200
Email:       sharon.weiss@bryancave.com

Attorneys for Bryan Cave LLP

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| In re: | Bk. No. 2:15-bk-16749-SK |
|---|---|
| SABOA ENTERTAINMENT, LP, | Chapter 7 |
| Debtor. | **MOTION OF BRYAN CAVE LLP FOR AN ORDER AUTHORIZING WITHDRAWAL OF COUNSEL; DECLARATION OF SHARON Z. WEISS** |
| | HEARING DATE:
Date:   May 12, 2016
Time:   8:30 a.m.
Place:  Courtroom 1575
          255 E. Temple Street
          Los Angeles, CA 90012 |

**TO:     THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DIADAN PARTIES, AND ALL OTHER INTERESTED PARTIES:**

Bryan Cave LLP ("Bryan Cave") hereby submits this motion (the "Motion") seeking an order approving the withdrawal of counsel from representation of DiaDan Holdings, Ltd. ("DiaDan"), Eileen Richardson and Johnathan Richardson (collectively, the "DiaDan Parties") for all purposes.

**I.**

**INTRODUCTION**

Due to its professional obligations and the attorney-client privilege, Bryan Cave cannot disclose to the Court all of the specific facts surrounding communications between the DiaDan Parties and Bryan Cave and the current breakdown of the attorney-client relationship. Nevertheless, as set forth in the supporting Declaration of Sharon Weiss, Bryan Cave represents that a serious and irremediable breakdown in the attorney-client relationship has occurred, including in the strategic vision and planning for the client's case, in the communications between the DiaDan Parties and Bryan Cave, and in the financial aspects of the relationship, with the consequence that Bryan Cave cannot continue to represent the DiaDan Parties consistent with its ethical obligations, and must withdraw.

**II.**

**STATEMENT OF FACTS**

Bryan Cave is attorney of record for the DiaDan Parties in the above-captioned bankruptcy case. The DiaDan Parties originally retained Bryan Cave in or about October 2014, prior to the commencement of this bankruptcy case, to represent their interests and to protect DiaDan's rights as a limited partner in Saboa Entertainment, LP and against general partner, Sabaoth Management, LLC and limited partner, Sabaoth Entertainment, LLC, in litigation in Atlanta and Los Angeles.

Bryan Cave has represented the DiaDan Parties in all of the three related bankruptcy cases ("the Saboa Bankruptcy Estates"), including the filing of an adversary proceeding that resulted in a Stipulated Injunction, filing various Motions for 2004 Examinations to retrieve vital information regarding the assets and liabilities of the estates, which was shared with the Chapter 7 trustees, strategizing, negotiating and preparing an Asset Purchase Agreement in which DiaDan was the successful bidder, and providing regular legal services to the DiaDan Parties.

However, beginning on or about September 2015, and continuing into 2016, relations between Bryan Cave and the DiaDan Parties seriously deteriorated over materially different approaches to the resolution of various issues relating to the Saboa Bankruptcy Estates.

Additionally, although the DiaDan Parties promised to pay Bryan Cave on a regular, hourly basis, Bryan Cave has not received any payment of its fees or reimbursement of its expenses since October 2015.

Finally, Bryan Cave has experienced great difficulty in communicating effectively with the DiaDan Parties concerning the on-going and future course of the various court proceedings and how to address issues arising in the various bankruptcy proceedings and state court cases.

On March 8, 2016, Bryan Cave gave the DiaDan Parties notice of its intent to withdraw as their counsel and requested their timely consent to the withdrawal. However, the DiaDan Parties did not respond to the firm's request, and Bryan Cave's efforts to obtain a consensual substitution of attorney expired on March 22, 2016.

Therefore, though the law firm is constrained from disclosing specific factual details due to its professional duties and the attorney-client privilege, Bryan Cave concludes that a complete breakdown has occurred in the communications and strategic vision between the DiaDan Parties and Bryan Cave. The breakdown of communication and trust required for effective representation adversely impacts Bryan Cave's ability to continue the professional relationship. There no longer exists a relationship of trust and confidence between the DiaDan Parties and Bryan Cave wherein Bryan Cave can effectively represent the DiaDan Parties and also serve as an officer of this Court.

Also, the DiaDan Parties are in substantial default for a large sum of money owed to Bryan Cave for its legal services and expenses. Bryan Cave has private rights to enforce that obligation which could lead to an overt conflict with the clients.

There is nothing currently pending in this bankruptcy case that requires the immediate services of the Bryan Cave lawyers, and so their withdrawal will not prejudice the DiaDan Parties. Indeed, the DiaDan Parties do not lack for legal advice because throughout the past two years, they have been represented by their regular outside counsel William L. Ryan, who is located in Halifax, Canada, where Eileen Richardson resides. Attorney Ryan has been active in the cases since Bryan Cave's

initial representation of the DiaDan Parties, has participated in the bankruptcy cases, and has directly communicated with the bankruptcy trustees and others during the cases on DiaDan's behalf. The DiaDan Parties' interests are therefore protected, and nothing for which Bryan Cave would be responsible is currently pending.

Therefore, Bryan Cave has determined that its ethical obligations require it to withdraw as counsel for the DiaDan Parties.

### III.  ARGUMENT

**A.  Cause Exists for an Order Granting Bryan Cave Leave to Withdraw as Counsel of Record for the DiaDan Parties.**

Local Bankruptcy Rule 2090-1(a) provides in pertinent part as follows:

> Motion for Withdrawal or Substitution. Except as provided in LBR 2091-1(b), leave of court pursuant for LBR 9013-1(p) is required for: (1) An attorney who has appeared on behalf of an entity in any matter concerning the administration of the case, in one or more proceedings, or both, to withdraw as counsel; and (2) An entity represented by counsel to appear without counsel or by a different attorney.

Good cause exists for this Court to enter an order approving the withdrawal of Bryan Cave as counsel for the DiaDan Parties, under Local Bankruptcy Rule 2090-1(a). Due to the confluence of recent events in this case, a complete breakdown of the attorney-client relationship between the DiaDan Parties and Bryan Cave has occurred. Bryan Cave cannot effectively represent the interests of its clients in that environment and it must withdraw.

Since last year, Bryan Cave has continued to experience great difficulties in communicating effectively with the DiaDan Parties concerning the continuing and future course of the bankruptcy case. Also, a material difference of opinion has emerged over how the clients' case should be best handled. This deterioration in effective communication between Bryan Cave and the DiaDan Parties, and disagreement over the strategic handling of the case, have eroded the professional relationship and the confidence and trust required for effective representation in this case. Therefore, Bryan Cave's ethical obligations require its withdrawal from this relationship.

Furthermore, the DiaDan Parties have not met their financial obligations to Bryan Cave as set forth in the written agreement between the law firm and the DiaDan Parties, and they continue to be in

default in payment of the legal fees and expenses incurred on their behalf, despite Bryan Cave's patient efforts to obtain payment. The clients remain in serious arrears which only exacerbates the break-down in the professional relationship.

Bryan Cave has therefore determined that it can no longer effectively represent the DiaDan Parties and must withdraw as their counsel. Under these circumstances, Bryan Cave believes that its withdrawal is ethically required and is ultimately in the best interest of all parties.

**B.    Bryan Cave Has Complied with Local Bankruptcy Rules 2090 1-(c) and (d).**

Local Bankruptcy Rule 2090-1(c) and (d) provides that:

**(c) <u>Notice.</u>** (1) <u>Case</u>. An attorney seeking withdrawal or substitution who has appeared on behalf of an entity in any matter concerning the administration of the case must give notice of the proposed substitution or motion for leave to withdraw to the debtor, the United States trustee, any case trustee, any committee appointed in the case, and counsel for any of the foregoing  (2) <u>Proceedings</u>  An attorney seeking withdrawal or substitution who has appeared on behalf of an entity only in one or more proceedings must give notice of the proposed substitution or motion for leave to withdraw to the debtor, each party who has been named or who has appeared in such proceeding(s), and the United States trustee.  (3) <u>Cases and Proceedings.</u> An attorney seeking withdrawal or substitution who has appear on behalf of an entity in the case and one more proceedings must give notice of the proposed substitution or motion for leave to withdraw to all entities to notice under section (c)(1) and (2) of this rule.

**(d) Corporation, Partnership, Unincorporated Association, or Trust.** An attorney moving for leave to withdraw from representation of a corporation, a partnership including a limited liability partnership, a limited liability company, or any other unincorporated association, or a trust, concurrently or prior to filing any such motion, must give notice to the client of the consequences of its inability to appear without counsel, including the possibility that a default judgment may be entered against it in pending proceedings; or, if the client is a chapter 11 debtor, that the case may be converted to chapter 7, a trustee may be appointed, or the case may be dismissed.

Prior to the filing of this Motion, Bryan Cave expressly communicated its desire and intent to withdraw directly to the DiaDan Parties and through their Canadian attorney. The firm requested the clients' timely consent to its voluntary withdrawal, and announced that it would be required to file this motion if consent was not forthcoming. No consent having been received from the clients, Bryan Cave now seeks an order of this Court approving the withdrawal due to the deterioration of the professional relationship between the DiaDan Parties and Bryan Cave.

Bryan Cave served a copy of this Motion on the DiaDan Parties, the Saboa Trustees, Edward M. Wolkowitz, Timothy Yoo, and David Goodrich, and their respective attorneys of record, the Office of the United States Trustee, the DiaDan Parties' Canadian attorney, and all other interested parties.

Based upon the foregoing, the provisions of the Local Bankruptcy Rule 2090-1(c) and (d) have been satisfied.

## IV.    CONCLUSION

An attorney cannot continue to represent a client in circumstances where fundamental trust and confidence, effective communications, and financial obligations have been frustrated and breached. Accordingly, Bryan Cave LLP respectfully requests the Court's leave to withdraw as counsel for DiaDan Holdings, Ltd., Eileen Richardson, and Jonathan Richardson, effective immediately upon entry of the Court's order.  The DiaDan Parties' interests will not be put at risk by Bryan Cave's withdrawal at this juncture, and the present circumstances mandate that result.

Dated: April 21, 2016                                       BRYAN CAVE LLP

By: */s/ Sharon Z. Weiss*
SHARON Z. WEISS
Attorney for DiaDan Holdings, Ltd, Eileen Richardson and Jonathan Richardson

SM01DOCS\1142127.2                            6

**DECLARATION OF SHARON Z. WEISS**

I, Sharon Z. Weiss, declare:

1. I am an attorney, duly admitted to practice before the United States Bankruptcy Court. I am a partner at Bryan Cave LLP. If called upon to testify, I would and could testify competently to the facts set forth below.

2. Bryan Cave is attorney of record for the DiaDan Parties in the above-captioned bankruptcy case. Prior to the commencement of this bankruptcy case the DiaDan Parties first formally retained Bryan Cave on or about October 1, 2014 to represent their interests relative to protecting DiaDan's rights as a limited partner in Saboa Entertainment, LP and its rights against its general partner, Sabaoth Management, LLC and the limited partner, Sabaoth Entertainment, LLC, in pre-petition litigation pending in Atlanta, Georgia.

3. I am the lead counsel for the DiaDan Parties in the bankruptcy cases. Bryan Cave has represented the DiaDan Parties in all of the three related bankruptcy cases, including the filing of an adversary proceeding that resulted in a Stipulated Injunction, filing various Motions for 2004 Examinations to retrieve vital information regarding the assets and liabilities of the estates, which was shared with the Chapter 7 trustees, strategizing, negotiating and preparing an Asset Purchase Agreement in which DiaDan was the successful bidder and providing regular legal services to the DiaDan Parties.

4. Beginning in or about September 2015, and continuing into 2016, relations between Bryan Cave and the DiaDan Parties deteriorated over materially different approaches to resolution of various issues relating to the Saboa Bankruptcy Estates.

5. Additionally, although the DiaDan Parties promised to pay Bryan Cave on a regular, hourly basis, Bryan Cave has not received any fees or reimbursement of any costs since October 2015.

6. Bryan Cave has had great difficulties in communicating effectively with the DiaDan Parties concerning the continuing, future course of the proceedings and how to address issues arising in the various bankruptcy proceedings and state court cases.

7. On March 8, 2016, Bryan Cave gave the DiaDan Parties notice of its intent to withdraw as their counsel, and requested their timely consent. Bryan Cave's efforts to obtain a consensual substitution of attorney expired on March 22, 2016.

8. Due to its professional obligations and the attorney-client privilege, Bryan Cave cannot disclose many of the specific facts surrounding communications between the DiaDan Parties and Bryan Cave and the breakdown of the attorney-client relationship.

9. However, Bryan Cave has concluded that a complete breakdown in the communications and strategic vision between the DiaDan Parties and Bryan Cave has occurred. The breakdown of the attorney-client relationship between the DiaDan Parties and Bryan Cave affects Bryan Cave's ability to continue the professional relationship that is required for effective representation. There no longer exists a relationship of trust and confidence between the DiaDan Parties and Bryan Cave wherein Bryan Cave can effectively represent the DiaDan Parties and also serve as an officer of this Court.

10. The DiaDan Parties are in substantial default for a large sum of money due and owing to Bryan Cave for legal fees and expenses incurred on their behalf. Bryan Cave has private rights to enforce that obligation which could lead to an overt conflict with the client.

11. The DiaDan Parties are represented by William ("Mick") Ryan, a partner with Stuart McKelvey located in Halifax, Nova Scotia, in Canada, where Eileen Richardson lives. Attorney Ryan has been active in the cases since Bryan Cave's initial representation of the DiaDan Parties, has participated in the bankruptcy cases, and has communicated with the bankruptcy trustees and others during the cases on DiaDan's behalf. The DiaDan Parties' interests are protected and nothing for which Bryan Cave may be responsible is currently pending or imminent.

12. Bryan Cave has determined that its ethical obligations require it to withdraw as counsel for the DiaDan Parties.

13.    Bryan Cave served a copy of this Motion on the DiaDan Parties, the Saboa Trustees, Edward M. Wolkowitz, Timothy Yoo, and David Goodrich, and their respective attorneys of record, the Office of the United States Trustee, the DiaDan Parties' Canadian attorney, and all other interested parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21st day of April, 2016, in Santa Monica, California.

_____
Sharon Z. Weiss

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Bryan Cave LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401-2386

A true and correct copy of the foregoing document entitled: **MOTION OF BRYAN CAVE LLP FOR AN ORDER AUTHORIZING WITHDRAWAL OF COUNSEL; DECLARATION OF SHARON Z. WEISS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 21, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Edward M Wolkowitz (TR)
emwtrustee@lnbrb.com, ewolkowitz@ecf.epiqsystems.com

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 21, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sandra R. Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Courthouse
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 21, 2016 | Raul Morales | /s/ Raul Morales |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

**1**.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Lana Borsook on behalf of Interested Party Courtesy NEF
Lana-Borsook-Law@juno.com

M Douglas Flahaut on behalf of Trustee Edward M Wolkowitz (TR)
flahaut.douglas@arentfox.com

Nina Z Javan on behalf of Interested Party Courtesy NEF
nina@marguliesfaithlaw.com, Helen@MarguliesFaithlaw.com; Victoria@MarguliesFaithlaw.com; Brian@MarguliesFaithlaw.com

Scott L Keehn on behalf of Other Professional Keehn Law Group, APC
scottk@keehnlaw.com, scottk@keehnlaw.com;joanb@keehnlaw.com;stephanieh@keehnlaw.com

Patric J Kelly on behalf of Interested Party Courtesy NEF
pjkelly@ahk-law.com

Andre A Khansari on behalf of Debtor Saboa Entertainment, LP
andre@khansarilaw.com

Andy Kong on behalf of Trustee Edward M Wolkowitz (TR)
Kong.Andy@ArentFox.com

Craig G Margulies on behalf of Interested Party Courtesy NEF
Craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com; Brian@MarguliesFaithlaw.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com; emillersk@ecf.inforuptcy.com; dwalker@sulmeyerlaw.com

Thomas R Mulally on behalf of Creditor Fidelity Mortgage Lenders, Inc.
tom@ssmlaw.com, tom@ssmlaw.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Aram Ordubegian on behalf of Trustee Edward M Wolkowitz (TR)
ordubegian.aram@arentfox.com

R Grace Rodriguez on behalf of Other Professional R. Grace Rodriguez
ecf@lorgr.com

Kevin Sinclair on behalf of Interested Party Courtesy NEF
ksinclair@earlysullivan.com, evillareal@earlysullivan.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Gilbert B Weisman, ll on behalf of Creditor American Express Bank FSB
notices@becket-lee.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**2.    SERVED BY UNITED STATES MAIL**:

David M. Goodrich (TR)
333 S. Hope Street, 35th Floor
Los Angeles, CA 90071

Timothy Yoo (TR)
Levene Neale Bender Yoo & Brill LLP
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017

Grobstein Teeple Financial Advisory Services, LLP
6300 Canoga Ave., Ste. 1500W
Woodland Hills, CA 91367

Gonzalez & Associates, P.L.C.
530 S. Hewitt St., #148
Los Angeles, CA 90013

DiaDan Holdings, Ltd
1969 Upper Water Street, Suite 2104
Halifax, N.S., B3J3R7, Canada

Eileen Richardson
c/o William Ryan
Stewart McKelvey
Purdy's Wharf Tower One
900-1959 Upper Water Street
Halifax, NS Canada B3P2N4

Jonathan Richardson
c/o William Ryan
Stewart McKelvey
Purdy's Wharf Tower One
900-1959 Upper Water Street
Halifax, NS Canada B3P2N4

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**